UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NV BROADCASTING, LLC, et al.,[1] | ) Case No. 09-12473 (KG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) **Related Docket No. 13** |

## ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the Debtors' Motion for Entry of an Order (i) Establishing Bar Dates for Filing Proofs of Claim and (ii) Approving Form and Manner of Notice Thereof;[2] and upon consideration of the Heinen Declaration; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; after due deliberation, and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: NV Broadcasting, LLC (7998); NV Media, LLC (6012); NV Television, LLC (4400); NVT Kansas, Inc. (2060); NVT Birmingham, LLC (1537); NVT Birmingham Licensee, LLC (1535); NVT Mason City, LLC (9043); NVT Mason City Licensee, LLC (6216); NVT Portland, LLC (2561); NVT Portland Licensee, LLC (2797); NVT Hawaii, LLC (2999); NVT Hawaii Licensee, LLC (3178); NVT Wichita, LLC (2123); NVT Wichita Licensee, LLC (2241); NVT Topeka, LLC (1839); NVT Topeka Licensee, LLC (1990); NVT Topeka II, LLC (3337); NVT Topeka II Licensee, LLC (5695); NVT Youngstown, LLC (2962); NVT Youngstown Licensee, LLC (5405); NVT Savannah, LLC (8516); NVT Savannah Licensee, LLC (5428); PBC Television Holdings, LLC (7741); PBC Broadcasting, LLC (0533); PBC Broadcasting of Youngstown, LLC (3833); PBC Broadcasting of Youngstown License, LLC (3779); PBC Broadcasting of Savannah, LLC (8216); and PBC Broadcasting of Savannah License, LLC (8214). The location of the NV Debtors' corporate headquarters and service address is: 3500 Lenox Road, Suite 640, Atlanta, Georgia 30326. The location of the PBC Debtors' corporate headquarters and service address is: 11766 Wilshire Blvd, Suite 405, Los Angeles, CA 90025.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

A.  **The Bar Dates**

2. Except as otherwise set forth herein, all entities and persons (as each is defined in sections 101(15) and 101(41) of the Bankruptcy Code) (each, an "Entity") holding or wishing to assert an unsecured or secured, priority or nonpriority claim (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors arising or accruing prior to the Petition Date, including a Claim arising under section 503(b)(9) of the Bankruptcy Code (each, a "Claim" and collectively, the "Claims") are required to file a separate, completed, and executed proof of such Claim conforming substantially to Official Bankruptcy Form 10 (the "Proof of Claim Form"), on account of any Claims such Entities hold or wish to assert against any of the Debtors, on or before the date which is twenty-five days after the Service Date (the "General Bar Date").

3. If the Debtors amend the Schedules to reduce the undisputed, noncontingent or liquidated amounts or to change the nature or classification of a Claim reflected therein, then the affected claimant shall have until the later of the General Bar Date or twenty days after a claimant is served with notice that the Debtors have amended the Schedules, reducing, deleting or changing the status of a Claim in the Schedules, to file a Proof of Claim Form with respect to such Claim (the "Amended Schedule Bar Date").

4. Except as otherwise set forth in any order authorizing the rejection of an executory contract or unexpired lease, the latest of: (a) the General Bar Date; (b) thirty days after the date of the entry of any order authorizing the rejection of an executory contract or unexpired lease; and (c) thirty days after the effective date of the rejection of such executory contract or unexpired lease, is the date by which a Proof of Claim Form relating to the Debtors' rejection of such contract or lease must be filed (the "Rejection Claim Bar Date").

2

5. The deadline for all governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim Form in these chapter 11 cases is January 11, 2010 (the "Governmental Unit Bar Date," and with the General Bar Date, the Amended Schedule Bar Date, and the Rejection Claim Bar Date, the "Bar Dates").

B. **Parties Required to File Proofs of Claim**

6. The Bar Dates apply to all Claims held or to be asserted against any of the Debtors that arose prior to the Petition Date, including the following:

   (a) Any Entity whose Claim is listed in the Debtors' Schedules as "disputed," "contingent," or "unliquidated," if such Entity desires to participate in these chapter 11 cases or share in any distribution in these chapter 11 cases;

   (b) Any Entity who believes its Claim is improperly classified in the Schedules or is listed in an incorrect amount, if such Entity desires to have its Claim allowed in a classification or amount different from that set forth in the Schedules; and

   (c) Any Entity whose Claim against a Debtor is not listed in the Debtors' Schedules, if such Entity desires to participate in these chapter 11 cases or share in any distribution in these chapter 11 cases.

7. Proof of Claim Forms need not be filed by any Entity holding or wishing to assert Claims against any of the Debtors of the types set forth in clauses (a) through (f) below:

   (a) Any Entity (i) that agrees with the nature, classification, and amount of his, her, or its Claim as set forth in the Schedules and (ii) whose Claim against any of the Debtors is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

   (b) Any Entity that has already properly filed a proof of claim against a Debtor;

   (c) Any Entity asserting a Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases (other than any Claim allowable under section 503(b)(9) of the Bankruptcy Code);

   (d) Any direct or indirect subsidiary of the Debtors that holds Claims against any of the Debtors;

(e) Any Entity whose Claim against any of the Debtors previously has been allowed by, or paid pursuant to, an order of the Court; and

(f) Any holder of equity securities of, or other interests in, any of the Debtors solely if, and only if, such holder's claim relates to such holder's ownership interest in or possession of such equity securities, <u>provided, however</u>, that any such holders who wish to assert a Claim against any of the Debtors based on transactions in the Debtors' securities, including, but not limited to, Claims for damages or rescission based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date. The Debtors reserve all rights with respect to any such Claims, including, <u>inter alia</u>, the right to assert that such Claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

8. The Debtors shall retain the right to: (a) dispute or assert offsets or defenses against any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; and (b) subsequently designate any Claim as disputed, contingent, or unliquidated.

### C. The Effect of the Bar Dates

9. Any Entity that is required to file a proof of claim in these chapter 11 cases but that fails to do so in a timely manner shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against any of the Debtors that such Entity has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules or (ii) is of a different nature or in a different classification from that which is set forth in the Schedules (in the case of (i) or (ii), an "<u>Unscheduled Claim</u>"); and (b) voting upon, or receiving distributions under, any plan or plans of reorganization or liquidation in these chapter 11 cases with respect to such Unscheduled Claim.

### D. Procedures for Providing Notice of Bar Dates

10. The form of the Bar Date Notice attached hereto as <u>Exhibit 1</u> is approved.

11. The form of the Proof of Claim Form attached hereto as <u>Exhibit 2</u> is approved.

4

12. The form of the Publication Notice attached hereto as <u>Exhibit 3</u> is approved.

13. As soon as practicable after the Debtors' Schedules are filed, but in no event later than five days thereafter, the Debtors shall direct BMC Group, Inc. ("<u>BMC</u>"), the Debtors' Claims, Noticing, and Balloting Agent, to serve by first class U.S. mail, postage prepaid (or equivalent service): (a) the Bar Date Notice attached hereto as <u>Exhibit 1</u>; and (b) the Proof of Claim Form attached hereto as <u>Exhibit 2</u>, on the following parties:

(a) The Office of the United States Trustee for the District of Delaware;

(b) counsel to the agent for the Debtors' First Lien Lenders and counsel to the agent for the Debtors' Second Lien Lenders;

(c) counsel to the Debtors' proposed post-petition lenders;

(d) all known potential creditors and their counsel (if known), including all persons and entities listed in the Schedules as potentially holding Claims at the addresses set forth therein;

(e) counsel to any statutorily appointed committee;

(f) all parties that have requested notice of the proceedings in these cases pursuant to Bankruptcy Rule 2002 as of the date of this Order;

(g) all parties that have filed proofs of claim in these chapter 11 cases as of the date of this Order;

(h) all known equity holders of the Debtors as of the date this Order is entered;

(i) all entities who are party to executory contracts and unexpired leases with the Debtors;

(j) all entities who are party to litigation with the Debtors;

(k) the District Director of the Internal Revenue Service for the District of Delaware;

(l) all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

(m) the Securities Exchange Commission; and

(n) the Federal Communications Commission.

14. The Debtors are directed to give notice of the Bar Dates by publishing the Publication Notice once in the national edition of either <u>The Wall Street Journal</u> or <u>USA Today</u> no less than twenty days before the earliest Bar Date. Additionally, the Debtors are hereby authorized, but not required, to publish the Bar Date Notice at such times and in such trade or other local publications of general circulation as the Debtors shall determine in their sole discretion. Such notices, if published, shall be published no less than twenty days before the earliest Bar Date.

15. The Debtors are authorized to enter into such transactions to cause such publication to be made and to make reasonable payments required for such publication.

16. Provision of notice of the Bar Dates as set forth in this Order, in the manner set forth herein, constitutes adequate and sufficient notice of each of the Bar Dates and is deemed to satisfy all applicable notice requirements.

### E. **Procedures for Filing Proofs of Claim**

17. For any Proof of Claim Form to be validly and properly filed, a signed original of the completed Proof of Claim Form, together with accompanying documentation,[3] must be submitted to BMC at one of the following addresses, no later than 4:00 p.m. prevailing Eastern time on the respective Bar Date:

---

[3] Upon the Debtors' advance express written consent, a creditor's proof of claim may be filed without the writings upon which the claim is based, as required by Bankruptcy Rule 3001(c) and (d), <u>provided</u>, <u>however</u>, that, upon the request of the Debtors or any other party in interest in these cases, any creditor that received such written consent from the Debtors shall be required to transmit such writings promptly to the Debtors or the other party in interest, but in no event later than ten days from the date of such request.

| By regular US mail: | By messenger or overnight courier: |
| --- | --- |
| NV Broadcasting, LLC | NV Broadcasting, LLC |
| c/o BMC Group Inc. | c/o BMC Group Inc. |
| PO Box 3020 | 18750 Lake Drive East |
| Chanhassen, MN 55317-3020 | Chanhassen, MN 55317 |

Creditors are permitted to submit Proof of Claim Forms in person, by courier service, overnight delivery, or first class U.S. mail only; facsimile and electronic mail submissions are not acceptable. Proof of Claim Forms are deemed filed when **actually received** by BMC (not the date of the postmark). If a creditor wishes to receive acknowledgment of receipt of such creditor's proof of claim, such creditor must submit a copy of the proof of claim and a self-addressed, stamped envelope.

18. All Entities asserting Claims against more than one Debtor are required to file a separate Proof of Claim Form with respect to each such Debtor and must identify on the Proof of Claim Form the particular Debtor against which each Claim is asserted.

19. Any Claim that is filed under the joint administration case number, 09-12473 (KG), or that otherwise does not identify the Debtor against which the Claim is asserted, shall be deemed as filed only against NV Broadcasting, LLC.

20. All Entities that rely on the Schedules with respect to filing a Proof of Claim Form in these chapter 11 cases are responsible for determining that their Claims are accurately listed therein.

21. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

22. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

23. All time periods set forth in this Order shall be calculated in accordance with

Bankruptcy Rule 9006(a).

24. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
August **6**, 2009

_____
The Honorable Kevin Gross
United States Bankruptcy Judge

# Exhibit 1
# Notice of Bar Dates

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NV BROADCASTING, LLC, et al.,[1] | ) | Case No. 09-12473 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## NOTICE OF BAR DATE FOR FILING OF PROOFS OF CLAIM

**GENERAL BAR DATE IS _____ AT 4:00 P.M. EST**

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE DEBTORS

PLEASE TAKE NOTICE that on July 13, 2009 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et. seq., (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors have continued in possession of their property and have continued to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

Pursuant to order of the Court dated _____ (the "Bar Date Order"),[2] all entities and persons (each a "Creditor" and, collectively, the "Creditors") holding or wishing to assert unsecured or secured, priority or nonpriority claims (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors arising or accruing prior to the Petition Date, including claims arising under section 503(b)(9) of the Bankruptcy Code (each, a "Claim" and collectively, the "Claims"), are required to file a separate, completed, and executed proof of claim (either the proof of claim form enclosed herewith or a form conforming substantially to Official Bankruptcy Form 10) (each, a "Proof of Claim Form" and collectively, the "Proof of Claim Forms") on account of each such Claim, together with accompanying documentation, on

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: NV Broadcasting, LLC (7998); NV Media, LLC (6012); NV Television, LLC (4400); NVT Kansas, Inc. (2060); NVT Birmingham, LLC (1537); NVT Birmingham Licensee, LLC (1535); NVT Mason City, LLC (9043); NVT Mason City Licensee, LLC (6216); NVT Portland, LLC (2561); NVT Portland Licensee, LLC (2797); NVT Hawaii, LLC (2999); NVT Hawaii Licensee, LLC (3178); NVT Wichita, LLC (2123); NVT Wichita Licensee, LLC (2241); NVT Topeka, LLC (1839); NVT Topeka Licensee, LLC (1990); NVT Topeka II, LLC (3337); NVT Topeka II Licensee, LLC (5695); NVT Youngstown, LLC (2962); NVT Youngstown Licensee, LLC (5405); NVT Savannah, LLC (8516); NVT Savannah Licensee, LLC (5428); PBC Television Holdings, LLC (7741); PBC Broadcasting, LLC (0533); PBC Broadcasting of Youngstown, LLC (3833); PBC Broadcasting of Youngstown License, LLC (3779); PBC Broadcasting of Savannah, LLC (8216); and PBC Broadcasting of Savannah License, LLC (8214). The location of the NV Debtors' corporate headquarters and service address is: 3500 Lenox Road, Suite 640, Atlanta, Georgia 30326. The location of the PBC Debtors' corporate headquarters and service address is: 11766 Wilshire Blvd, Suite 405, Los Angeles, CA 90025.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Bar Date Order.

or before twenty-five days after the date of this Notice, or _____ (the "General Bar Date").

All governmental units, as defined by section 101(27) of the Bankruptcy Code (the "Governmental Units"), holding or wishing to assert Claims against the Debtors are required to file a separate, completed and executed Proof of Claim Form, as described above, on account of each Claim on or before January 11, 2010 (the "Governmental Unit Bar Date").

Pursuant to the Bar Date Order, the filing of a proof of claim form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code. All other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and will not be deemed proper if made by a proof of claim. No deadline has been established for filing of administrative Claims other than Claims under section 503(b)(9) of the Bankruptcy Code. **Claims under section 503(b)(9) of the Bankruptcy Code must be filed by the General Bar Date.**

For your convenience, enclosed with this Notice is a proof of claim form, which identifies on its face the amount, nature and classification of your Claim(s), if any, listed in the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these cases (collectively, the "Schedules").

AT THIS TIME, Proof of Claim Forms ARE NOT REQUIRED to be filed by Creditors holding or wishing to assert Claims against the Debtors of the following types (collectively, the "Excluded Claims"):

(a) Claims held by a Creditor (i) that agrees with the nature, classification, and amount of his, her, or its Claim as set forth in the Schedules, and (ii) whose Claim against any of the Debtors is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

(b) Claims on account of which a Proof of Claim has already been properly filed with the Court;

(c) Claims allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases, other than claims allowable under section 503(b)(9) of the Bankruptcy Code;

(d) Claims made by any direct or indirect subsidiary of the Debtors against any of the Debtors;

(e) Claims previously allowed by, or paid pursuant to, an order of the Court;

(f) Claims made by any holder of equity securities of, or other interests in, any of the Debtors solely if, and only if, such holder's claim relates to such holder's ownership interest in or possession of such equity securities, provided, however, that any such holders who wish to assert a Claim against any of the Debtors based on transactions in the Debtors' securities,

2

including, but not limited to, Claims for damages or rescission based on the purchase or sale of such securities, must file a Proof of Claim on or prior to the General Bar Date. The Debtors reserve all rights with respect to any such Claims, including, <u>inter alia</u>, the right to assert that such Claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

Should the Court fix a date in the future after the General Bar Date by which time any of the Excluded Claims must be filed, you will be so notified.

Each Proof of Claim Form must specifically set forth the full name of the particular Debtor and that Debtor's particular case number to which the Claim applies. The original Proof of Claim Form with signature and accompanying documentation must be delivered by hand delivery, courier service, overnight delivery, or first class U.S. mail to BMC Group, Inc., the Debtors' Claims, Noticing, and Balloting Agent, at one of the following addresses:

| **By regular US mail:** | **By messenger or overnight courier:** |
|---|---|
| NV Broadcasting, LLC | NV Broadcasting, LLC |
| c/o BMC Group Inc. | c/o BMC Group Inc. |
| PO Box 3020 | 18750 Lake Drive East |
| Chanhassen, MN 55317-3020 | Chanhassen, MN 55317 |

Original Proof of Claim Forms (**and not email transmissions or facsimile copies**) **must be received on or before** 4:00 p.m. prevailing Eastern time on the General Bar Date (or on or before 4:00 p.m. prevailing Eastern time on the Governmental Unit Bar Date, if such Creditor is a Governmental Unit).

A Proof of Claim Form is enclosed with this notice and may be used to file your Claims. Additional Proof of Claim Forms are available at http://www.bmcgroup.com/nvbroadcasting or at <u>http://www.uscourts.gov/bkforms</u>.

Proof of Claim Forms must be in English and amounts must be in U.S. Dollars.

PLEASE TAKE FURTHER NOTICE THAT, EXCEPT WITH RESPECT TO CLAIMS OF THE TYPE SET FORTH IN PARAGRAPHS (a) THROUGH (f) ABOVE AND GOVERNMENTAL UNITS (WHICH MUST FILE PROOFS OF CLAIM ON OR BEFORE JANUARY 11, 2010), ANY CREDITOR WHO IS REQUIRED TO FILE A PROOF OF CLAIM BUT FAILS TO DO SO ON OR BEFORE _____ SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM THE FOLLOWING: (A) ASSERTING ANY CLAIM AGAINST ANY OF THE DEBTORS THAT SUCH ENTITY HAS THAT (I) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS SET FORTH IN THE SCHEDULES OR (II) IS OF A DIFFERENT NATURE OR IN A DIFFERENT CLASSIFICATION FROM THAT WHICH IS SET FORTH IN THE SCHEDULES (IN THE CASE OF (I) OR (II), AN "<u>UNSCHEDULED CLAIM</u>"); AND (B) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY PLAN OR PLANS OF REORGANIZATION OR LIQUIDATION IN THESE CHAPTER 11 CASES WITH RESPECT TO SUCH UNSCHEDULED CLAIM.

In the event that the Debtors should amend their Schedules of Assets and Liabilities (the "Schedules") subsequent to the date hereof, the Debtors shall give notice of such amendment to the holders of the Claims affected thereby, and such holders shall be afforded the later of the General Bar Date or twenty days from the date on which such notice has been given to such holders (the "Amended Schedule Bar Date") to file Proofs of Claim or forever be barred from doing so.

In the event that a Claim arises with respect to the Debtors' rejection of an executory contract or unexpired lease, and except as otherwise set forth in any order authorizing rejection of an executory contract or unexpired lease, the holder of such Claim will be afforded the later of the General Bar Date, thirty days after the date of the entry of any order authorizing the rejection of an executory contract or unexpired lease, or thirty days after the effective date of any order authorizing the rejection of the executory contract or unexpired lease (the "Rejection Claim Bar Date") to file a Proof of Claim or forever be barred from doing so.

The Debtors reserve the right to (a) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, priority, classification, or otherwise; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules. Nothing contained in this notice shall preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

The Debtors' Schedules, the Bar Date Order and other information regarding the Debtors' chapter 11 cases are available for inspection free of charge on BMC's website at http://www.bmcgroup.com/nvbroadcasting or by contacting BMC at 18750 Lake Drive East, Chanhassen, MN 55317 or (888) 909-0100. The Schedules and other filings in the Debtors' chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:00 p.m., Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801. The staff of the Bankruptcy Clerk's Office is prohibited by law from giving legal advice.

CREDITORS WISHING TO RELY ON THE SCHEDULES ARE RESPONSIBLE FOR DETERMINING WHETHER THEIR CLAIMS ARE ACCURATELY LISTED THEREIN.

THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST THE DEBTORS. YOU SHOULD CONSULT WITH YOUR OWN ADVISORS TO DETERMINE WHETHER YOU HOLD A CLAIM AGAINST THE DEBTORS. YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST A DEBTOR. QUESTIONS CONCERNING THIS NOTICE MAY BE DIRECTED TO THE DEBTORS' COUNSEL BELOW.

Dated: Wilmington, Delaware
July ___, 2009

| LOCKE LORD BISSELL & LIDDELL LLP | WOMBLE CARLYLE SANDRIDGE & RICE PLLC |
|---|---|
| David W. Wirt | |
| Aaron C. Smith | |
| Kara J. Bruce | /s/ Francis A. Monaco, Jr. |
| 111 S. Wacker Drive | Francis A. Monaco, Jr. (Del. Bar No. 2078) |
| Chicago, Illinois 60606-4410 | Mark L. Desgrosseilliers (Del. Bar No. 4083) |
| Telephone: (312) 443-0700 | 222 Delaware Avenue, 15th Floor |
| Fax: (312) 443-6653 | Wilmington, Delaware 19801 |
| | Telephone: (302) 252-4320 |
| Omer F. Kuebel, III | Fax: (302) 252-4330 |
| 601 Poydras, Suite 2660 | |
| New Orleans, Louisiana 70130-6036 | COUNSEL FOR THE PBC DEBTORS |
| Telephone: (504) 558-5100 | |
| Fax: (504) 558-5200 | |

-and-

POLSINELLI SHUGHART PC

/s/ Christopher A. Ward
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
Shanti M. Katona
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Fax: (302) 252-0921

COUNSEL FOR THE NV DEBTORS

5

# Exhibit 2

# Proof of Claim Form

# Exhibit 3
# Publication Notice

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NV BROADCASTING, LLC, et al.,[1] | ) | Case No. 09-12473 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

PLEASE TAKE NOTICE that, pursuant to order of the United States Bankruptcy Court for the District of Delaware (the "Court") dated _____, all entities and persons (each a "Creditor" and collectively, the "Creditors") holding or wishing to assert claims (as defined in section 101(5) of the Bankruptcy Code) against any Debtor arising or accruing prior to July 13, 2009 (the "Petition Date"), **including claims under Section 503(b)(9) of the Bankruptcy Code** (each a "Claim" and collectively, the "Claims"), are required to file a separate, completed and executed proof of claim on account of each such Claim on or before _____ (the "General Bar Date"). All governmental units, as defined by section 101(27) of the Bankruptcy Code, holding or wishing to assert a Claim against the Debtors are required to file a separate, completed and executed proof of claim on account of each such Claim on or before January 11, 2010 (the "Governmental Unit Bar Date").

Each proof of claim must specifically set forth the full name of the particular Debtor and that Debtor's particular case number to which the Claim applies. An original proof of claim form with signature and accompanying documentation must be delivered to the Debtors' Claims, Noticing, and Balloting Agent ("BMC") at one of the following addresses:

| | |
|---|---|
| **By regular US mail:** | **By messenger or overnight courier:** |
| NV Broadcasting, LLC | NV Broadcasting, LLC |
| c/o BMC Group Inc. | c/o BMC Group Inc. |
| PO Box 3020 | 18750 Lake Drive East |
| Chanhassen, MN 55317-3020 | Chanhassen, MN 55317 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: NV Broadcasting, LLC (7998); NV Media, LLC (6012); NV Television, LLC (4400); NVT Kansas, Inc. (2060); NVT Birmingham, LLC (1537); NVT Birmingham Licensee, LLC (1535); NVT Mason City, LLC (9043); NVT Mason City Licensee, LLC (6216); NVT Portland, LLC (2561); NVT Portland Licensee, LLC (2797); NVT Hawaii, LLC (2999); NVT Hawaii Licensee, LLC (3178); NVT Wichita, LLC (2123); NVT Wichita Licensee, LLC (2241); NVT Topeka, LLC (1839); NVT Topeka Licensee, LLC (1990); NVT Topeka II, LLC (3337); NVT Topeka II Licensee, LLC (5695); NVT Youngstown, LLC (2962); NVT Youngstown Licensee, LLC (5405); NVT Savannah, LLC (8516); NVT Savannah Licensee, LLC (5428); PBC Television Holdings, LLC (7741); PBC Broadcasting, LLC (0533); PBC Broadcasting of Youngstown, LLC (3833); PBC Broadcasting of Youngstown License, LLC (3779); PBC Broadcasting of Savannah, LLC (8216); and PBC Broadcasting of Savannah License, LLC (8214). The location of the NV Debtors' corporate headquarters and service address is: 3500 Lenox Road, Suite 640, Atlanta, Georgia 30326. The location of the PBC Debtors' corporate headquarters and service address is: 11766 Wilshire Blvd, Suite 405, Los Angeles, CA 90025.

**Email and facsimile submissions will not be accepted.** Proofs of claim **must be received on or before** 4:00 p.m. prevailing Eastern time on the General Bar Date or the Governmental Unit Bar Date, as applicable.

Proof of Claim Forms must be in English and amounts must be in U.S. Dollars.

PLEASE TAKE FURTHER NOTICE THAT ANY CREDITOR WHO IS REQUIRED TO FILE A PROOF OF CLAIM BUT FAILS TO DO SO ON OR BEFORE THE APPLICABLE BAR DATE SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM, AND THE DEBTORS AND THE ESTATES SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH CLAIM, AND SUCH CREDITOR SHALL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PARTICIPATE IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

A copy of the Bar Date Order, a proof of claim form, and other documents relating to the Debtors' chapter 11 cases may be obtained free of charge through BMC's website, http://www.bmcgroup.com/nvbroadcasting or by contacting BMC at 18750 Lake Drive East, Chanhassen, MN 55317 or (888) 909-0100. The Bar Date Order and other documents relating to the Debtors' chapter 11 cases may also be viewed on the United States Bankruptcy Court for the District of Delaware's website, www.deb.uscourts.gov.

Dated: Wilmington, Delaware
      July ___, 2009

| | |
|---|---|
| LOCKE LORD BISSELL & LIDDELL LLP<br>David W. Wirt<br>Aaron C. Smith<br>Kara J. Bruce<br>111 S. Wacker Drive<br>Chicago, Illinois 60606-4410<br>Telephone: (312) 443-0700<br>Fax: (312) 443-6653<br><br>Omer F. Kuebel, III<br>601 Poydras, Suite 2660<br>New Orleans, Louisiana 70130-6036<br>Telephone: (504) 558-5100<br>Fax: (504) 558-5200<br><br>-and-<br><br>POLSINELLI SHUGHART PC<br><br>_/s/ Christopher A. Ward_<br>Christopher A. Ward (Del. Bar No. 3877)<br>Justin K. Edelson (Del. Bar No. 5002)<br>Shanti M. Katona<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-0920<br>Fax: (302) 252-0921<br><br>COUNSEL FOR THE NV DEBTORS | WOMBLE CARLYLE SANDRIDGE & RICE PLLC<br><br>_/s/ Francis A. Monaco, Jr._<br>Francis A. Monaco, Jr. (Del. Bar No. 2078)<br>Mark L. Desgrosseilliers (Del. Bar No. 4083)<br>222 Delaware Avenue, 15th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-4320<br>Fax: (302) 252-4330<br><br>COUNSEL FOR THE PBC DEBTORS |